IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GENEVIEVE TATOLA,<br><br>    Plaintiff,<br><br>  v.<br><br>HSBC BANK USA, et al.,<br><br>    Defendants. | No. C-11-3994 MMC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS; DENYING AS MOOT WELL FARGO'S MOTION TO STRIKE; AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT** |

Before the Court are two motions filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"): (1) "Motion of Wells Fargo to Dismiss Complaint," filed September 19, 2011; and (2) "Motion of Wells Fargo to Strike Portions of Complaint," filed September 19, 2011. Defendant HSBC Bank USA has filed a joinder in each motion. Plaintiff Mary Genevieve Tatola ("Tatola"), who proceeds pro se, has not filed opposition. Having read and considered the papers filed in support of the motions, the Court rules as follows.[1]

**BACKGROUND**

On April 16, 2007, Tatola executed an Adjustable Rate Mortgage Note ("Note"), in which she promised to repay World Savings Bank, FSB ("World") the sum of $672,000, with interest, under the terms set forth in the Note. (See Def.'s Req. for Judicial Notice Ex. A.) Also, on April 16, 2007, Tatola executed a Deed of Trust, by which she secured the

---

[1] By order filed October 11, 2011, the Court took the matters under submission.

Note by certain real property in Belmont, California. (See Compl. Ex. A; Def.'s Req. for Judicial Notice Ex. B.) In November 2007, World changed its name to Wachovia Mortgage, FSB ("Wachovia"). (See Def.'s Req. for Judicial Notice Ex. D.) On November 1, 2009, Wachovia changed its name to Wells Fargo Bank Southwest, N.A., and merged with defendant Wells Fargo. (See id. Ex. E.)

On February 19, 2010, Cal-Western Reconveyance Corp. ("Cal-Western"), a trustee, recorded with the County of San Mateo a document titled "Notice of Default," which document stated Tatola was in breach of her obligations under the Note and that the real property identified in the Deed of Trust would be sold to satisfy Tatola's obligations to the beneficiary, identified as "World Savings Bank, FSB, its Successors and/or Assignees." (See id. Ex. F.) Thereafter, on May 20, 2010, Cal-Western recorded with the County of San Mateo a document titled "Notice of Trustee's Sale," which document stated the subject real property would be sold on June 9, 2010. (See id. Ex. G.) On June 8, 2010, the date before the scheduled trustee's sale, Tatola filed a petition for bankruptcy protection. (See id. Ex. H.)

In her complaint, initially filed in state court and removed by Wells Fargo, Tatola alleges five causes of action arising under state law.[2] In particular, Tatola challenges the enforceability of the Note and Deed of Trust, and seeks damages, declaratory relief, and injunctive relief. Tatola names as defendants Wells Fargo, which entity, as discussed above, is the successor to the initial lender, and HSBC, which entity, according to Tatola, is or was the trustee.

## LEGAL STANDARD

Dismissal for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and

---

[2] The parties are diverse in citizenship.

1  plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic
2  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).
3  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
4  detailed factual allegations." See id.  Nonetheless, "a plaintiff's obligation to provide the
5  grounds of his entitlement to relief requires more than labels and conclusions, and a
6  formulaic recitation of the elements of a cause of action will not do." See id. (internal
7  quotation, citation, and alteration omitted).
8       In analyzing a motion to dismiss, a district court must accept as true all material
9  allegations in the complaint, and construe them in the light most favorable to the
10 nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
11 "To survive a motion to dismiss, a complaint must contain sufficient factual material,
12 accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
13 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations
14 must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S.
15 at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual
16 allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).
17      Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any
18 material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896
19 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the
20 complaint, and whose authenticity no party questions, but which are not physically attached
21 to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454
22 (9th Cir. 1994).  In addition, a district court may consider any document "the authenticity of
23 which is not contested, and upon which the plaintiff's complaint necessarily relies,"
24 regardless of whether the document is referenced in the complaint. See Parrino v. FHP,
25 Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are
26 subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279,
27 1282 (9th Cir. 1986).
28 //

**DISCUSSION**

Wells Fargo, joined by HSBC, argues that each of the five causes of action in Tatola's complaint fails to state a claim upon which relief can be granted. The Court considers the five causes of action in turn.

**A. First Cause of Action (Conspiracy to Commit Fraud and Conversion)**

In the First Cause of Action, Tatola alleges "defendants" engaged in "fraud." (See Compl. ¶ 11.) In particular, Tatola alleges "defendants" did not "properly disclose[ ]" to Tatola the terms in the Note pertaining to "escalating payments and/or increases in the interest rate" and, additionally, "misrepresent[ed] [Tatola's] qualifications" for the loan. (See Compl. ¶¶ 11, 12.)

Wells Fargo argues the First Cause of Action does not comply with Rule 9(b). The Court agrees.

Rule 9(b) requires a plaintiff alleging a claim of fraud to "state with particularity the circumstances constituting the fraud." See Fed. R. Civ. P. 9(b). Particularity requires the plaintiff to allege "the who, what, when, where, and how of the misconduct charged," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003), and, if the misconduct is an alleged false statement, to "plead evidentiary facts" to establish the "statement was untrue or misleading when made," see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir.1995).

Here, with respect to the asserted failure to disclose terms in the Note, Tatola fails to allege the identity of the person(s) who she contends should have but did not make the proper representation, fails to allege the specific misrepresentation made or specific information such person(s) should have disclosed, and, most importantly, fails to allege any facts to support a finding that any omission regarding the terms constituted fraud, particularly given Tatola's allegation that the subject terms were in the Note, a document the law presumes Tatola to have read. See Brown v. Wells Fargo Bank, NA, 168 Cal. App. 4th 938, 958–59 (2008) (holding, where parties to contract do not have fiduciary relationship, plaintiff cannot establish fraud claim based on theory defendant

"misrepresented the nature of the contract"; noting such plaintiff is presumed to have read contract).[3]

With respect to the asserted misrepresentation concerning Tatola's qualifications, Tatola fails to allege the actual statement(s), the identity of the person(s) who made the statement(s), to whom the statement(s) was/were made, and when and where the statement(s) was/were made. Further, Tatola fails to allege any facts, let alone the requisite evidentiary facts, to support a finding that any statement made regarding qualifications was false at the time such statement was made.

Accordingly, the First Cause of Action is subject to dismissal.[4]

**B. Second Cause of Action (Void Sale from Ultra Vires Act)**

In the Second Cause of Action, Tatola alleges that on June 1, 2007, "defendants"[5] improperly "sold the rights and interests in [Tatola's] loan instruments as un-registered securities" under a "master pooling and servicing agreement" that "ostensibly transferred" World's interests to "certificate holders." (See Compl. ¶ 8.) According to Tatola, such sale was improper because "defendants" did not have the "power under their charter" to "sell their rights and interests in [Tatola's] loan instruments as unregistered securities." (See Compl. ¶¶ 8, 14.) Because such transfer of rights and interests was "illegal," Tatola alleges, "no legal and equitable interest in [Tatola's] debt instruments were transferred to the certificate holders." (See Compl. ¶ 9.) Consequently, Tatola alleges, she is entitled to an order "releas[ing] the lien and restor[ing] title to [Tatola]." (See Compl. ¶ 17.)

---

[3] Tatola does not allege she had a fiduciary relationship with World, nor does it appear she could do so. See Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (holding "relationship between a bank and its loan customers" not fiduciary in nature).

[4] Wells Fargo's argument that all of the causes of action alleged in the complaint are preempted by the Home Owner's Loan Act is premature, because the precise nature of the alleged wrongful conduct is unclear. See In re Ocwen Loan Servicing, LLC Mortgage Servicing Litig., 491 F.3d 638, 644-45 (7th Cir. 2007) (affirming denial of motion to dismiss complaint on federal preemption grounds; holding preemption defense "unripe," where charges "so vaguely worded" that court could not "guess whether they [were] preempted or not").

[5] It appears Tatola's reference to "defendants" is to World, the initial lender.

5

Under California law, a "written instrument" may be "delivered up or canceled," where "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." See Cal. Civil Code § 3412.

Here, as Wells Fargo correctly asserts, Tatola fails to allege she has incurred or is likely to incur any injury, let alone a "serious injury," see id., from the alleged transfer of the Note and/or Deed of Trust to "certificate holders." Moreover, even if, as Tatola asserts, the transfer to the "certificate holders" is void or voidable, Tatola fails to allege any facts to support a finding that she, as opposed to the "certificate holders," has standing to challenge the transfer. Further, even assuming Tatola could establish the agreement to transfer the Note and/or Deed of Trust is a transaction that Tatola is entitled to rescind, Tatola fails to plead any facts to support the relief sought, specifically, an order cancelling the "lien," i.e., the Deed of Trust, as opposed to an order cancelling the transfer of the Note and/or Deed of Trust from one beneficiary to another. Finally, even assuming Tatola conceivably could be entitled to an order cancelling the Deed of Trust, the Second Cause of Action fails to state a claim upon which relief can be granted, because Tatola does not allege she has any ability to repay the outstanding balance; indeed, as noted, Tatola filed for bankruptcy protection when she received notice the property securing the Note would be sold if she failed to meet her obligations under the Note. See Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (1981) (holding, where plaintiff seeks rescission of agreement pursuant to § 3412, plaintiff must "restore to the defendant everything of value which the plaintiff has received from defendant under the agreement").

Accordingly, the Second Cause of Action is subject to dismissal.

**C. Third Cause of Action (Improper Conversion and Alteration of the Note and Mortgage Deed)**

In the Third Cause of Action, Tatola alleges the Note and/or Deed of Trust are not enforceable because "defendants"[6] sold without her consent the rights in the Note and/or

---

[6] Again, such reference presumably is to World.

6

Deed of Trust to "certificate holders." (See Compl. ¶¶ 5, 19.) As relief, Tatola alleges she is entitled to "restitution" and "disgorgement of profits earned by [d]efendants," and to an injunction precluding defendants from enforcing "this contract." (See Compl. ¶ 34.)

For the reasons stated above with respect to the Second Cause of Action, Tatola fails to allege she incurred or is likely to incur any type of injury as a result of a transfer of the Note and/or Deed of Trust from one beneficiary to another. Further, to the extent Tatola seeks relief in the form of an injunction precluding enforcement of the Deed of Trust, Tatola is, in effect, seeking rescission, and, as stated above, she fails to allege sufficient facts to demonstrate she is entitled to such relief.

Accordingly, the Third Cause of Action is subject to dismissal.

**D. Fourth Cause of Action (Fraudulent Misrepresentation as to Standing to Foreclose)**

As set forth above, on February 19, 2010, the trustee for "World Savings Bank, FSB, its Successors and/or Assignees" recorded a Notice of Default and Election to Sell under Deed of Trust, and, on May 20, 2010, the trustee recorded a Notice of Trustee's Sale. (See Def.'s Req. for Judicial Notice, Exs. F, G.) As further set forth above, Wells Fargo, as of November 1, 2009, is the successor to World.

In the Fourth Cause of Action, Tatola alleges that "[d]efendants have acted to enforce the mortgage deed" and that "[d]efendants' actions in foreclosure" were "fraudulent, misleading, and with callous disregard for the rights of [Tatola], with the intention that [Tatola] would be deceived." (See Compl. ¶¶ 36, 60.)

As Wells Fargo correctly notes, Tatola fails to identify any false or misleading statement made in connection with the "actions in foreclosure" (see id.), fails to identify who made any such false or misleading statement, and fails to allege when and where any false or misleading statement was made. Consequently, the Fourth Cause of Action fails to comply with Rule 9(b). Further, as Wells Fargo correctly notes, Tatola fails to allege she incurred any injury by relying on a false or misleading statement made in connection with an attempt to foreclose on the property identified in the Deed of Trust. See Bezaire v.

Fidelity & Deposit Co., 12 Cal. App. 3d 888, 892-93 (1970) ("A fraudulent misrepresentation is not actionable unless plaintiff's conduct in reliance thereon caused the loss for which plaintiff seeks damages.").

Accordingly, the Fourth Cause of Action is subject to dismissal.

**E. Fifth Cause of Action (Quiet Title)**

In the Fifth Cause of Action, Tatola alleges "[t]he claims of [d]efendants are without any legal or equitable right, and [d]efendants have no right, title, estate, lien, or interest in [Tatola's] [p]roperty." (See Compl. ¶ 69.) As relief, Tatola seeks a declaration that "title to the subject property is vested" solely in Tatola's name. (See Compl. ¶ 70.)

As pleaded, the Fifth Cause of Action is derivative of Tatola's First through Fourth Causes of Action (see Compl. ¶ 66), and, as discussed above, Tatola has failed to allege facts sufficient to support any substantive claim for relief against any defendant. Consequently, Tatola has failed to allege facts sufficient to support her conclusory assertion that "defendants"[7] lack any right to the real property identified in the Deed of Trust.

Accordingly, the Fifth Cause of Action is subject to dismissal.

//
//
//
//
//
//
//
//
//
//

---

[7]In this instance, "defendants" is an apparent reference to Wells Fargo.

8

**CONCLUSION**

For the reasons stated above, Wells Fargo's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.[8]

If Tatola wishes to file a First Amended Complaint for the purpose of amending any or all of her claims in order to cure to deficiencies identified above, Tatola shall file with the Clerk of the Court and serve on defendants a First Amended Complaint, no later than November 10, 2011.[9]

**IT IS SO ORDERED.**

Dated:  October 21, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[8] In light of the dismissal of the complaint, Wells Fargo's motion to strike portions of the complaint is DENIED as moot.

[9] If Tatola files a First Amended Complaint, she may not add any new causes of action or defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).